UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO



JUAN CARLOS MORALES GIRONA, AND
MAYRA SOSA URGELL, AND THE MARITAL
JOINT SOCIETY COMPOSED BETWEEN
THEM
    Plaintiff

    vs.

CIVIL NO. 97-2836 (PG)

COMMONWEALTH OF PUERTO RICO,
SECRETARY OF JUSTICE HON. JOSE
FUENTES AGOSTINI, ET ALS

    Defendants

## OPINION & ORDER

Pending before this court is co-defendants' Commonwealth of Puerto Rico and Secretary of Justice Hon. Jose Fuentes Agostini motion to dismiss the present action in view of the following: (1) the claims against co-defendant Jose Fuentes Agostini, in his official capacity are barred by the Eleventh Amendment of the Constitution of the United States; (2) the claims against the Commonwealth of Puerto Rico are barred by the Eleventh Amendment of the Constitution of the United States; (3) the Secretary of Justice is not a proper party to this action; (4) the complaint fails to comply with the injunctive and equitable relief requirements; and (5) Supplemental Jurisdiction should be denied. ( Dkt. #12).

Plaintiffs sued seeking injunctive relief, equitable relief, and damages relief for violations of: (1) the Fifth and Fourteenth Amendments of the Constitution of the United States of America; (2) 42 U.S.C.§1983 and §1988; (3) Article II, Sec. 1, 6, 7, 16, and 20 of the Constitution of the




Commonwealth of Puerto Rico; and damages relief under Articles 1802 and 1803 of the Civil Code of Puerto Rico, 31 P. R. L. A. §5141 and § 5142. Plaintiffs also seek a permanent injunction to prevent further violation of 42 U. S. C. §1983 and §1988.

## Standard of Review

When presented with a motion to dismiss, "the trial court must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." LaChapelle v. Berkshire Life Ins. Co., 142 F. 3d 507, 508 (1st Cir. 1998).

In order to survive a motion to dismiss, "a complaint must set forth 'a factual allegation, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Berner v. Delahanty, 129 F. 3d 20, 25 (1st Cir. 1997), cert. denied, 523 U. S. 1023 (1998). Taking into consideration all the motions filed and other matters incorporated therein the court extracts the well-pleaded facts and draws all reasonable inferences favorable to the complaint. Cruz v. Melecio, 2000 WL 156563 ( 1st Cir. Feb. 17, 2000).

## Background

The facts giving rise to this complaint are as follows. Puerto Rico Police Agent Santos Febus Ocasio was murdered on March 27, 1992. Confidences revealed the names of the men involved in the murder of Agent Febus Ocasio. One of those men, Crucito Barbosa, when arrested, admitted being one of the co-authors of the murder and informed that he would testify against the other co-authors if offered immunity. Barbosa received immunity, and, as a result, criminal charges were filed against three individuals, Justo Torres-Garcia, Martin Garcia-

AO 72A
(Rev.8/82)

Feliciano, and Reynaldo Jeremias-Ortiz. Five days later, Justo Torres-Garcia indicated to the Government that plaintiff Attorney Morales Girona was the intellectual author of the murder. Consequently, Morales Girona was criminally prosecuted for Murder in the First Degree, Conspiracy to Commit Murder, and Violations to Articles 5, 6, 6(a), 8, and 8(a) of the Puerto Rico Weapons Law. After the trial, Morales Girona was acquitted of all charges filed against him. Morales Girona now sues for his being accused and put through a criminal trial.

## Discussion

The complaint alleges that the appearing co-defendants Jose Fuentes Agostini, who was the acting Secretary of Justice of the Commonwealth of Puerto Rico at the time the complaint was filed, and the Commonwealth of Puerto Rico are responsible to the Plaintiffs for the unlawful, willful, negligent and/or intentional acts which brought plaintiff Carlos Morales Girona to be criminally prosecuted and tried for murder.

### A. The Eleventh Amendment Bar

The appearing co-defendants contend that the claims against them in their official capacity are barred by the Eleventh Amendment of the Constitution of the United States of America.

The Eleventh Amendment renders a State immune from suits brought in the federal courts by its own citizens as well as by citizens of another State, unless the State expressly waives the immunity, or Congress abrogates the same. Fitzpatrick v. Bitzer, 427 U. S. 445, 446 (1976); Employees of Department of Public Health & Welfare v. Dept. of Public Health & Welfare, 411 U. S. 279, 280 (1973). The Eleventh Amendment, despite absence of any express reference,

4

pertains to Puerto Rico in the same manner, and to the same extent as if Puerto Rico were a State. De León López v. Corporación Insular de Seguros, 931 F2d 116, 121 (1st Cir. 1991). States may waive their Eleventh Amendment immunity: "if a State waives its immunity and consents to suit in federal court, the Eleventh Amendment does not bar the action." Atascadero State Hospital v. Scanlon, 473 U. S. 234, 238 (1985). Now, a waiver of this immunity does not grant plaintiffs the ability to sue States under §1983. Even in situations in which a state has waived its Eleventh Amendment immunity, it is not subject to suit under §1983, because it will not be a "person" for purposes of the statute. Howlett ex. rel. Howlett v. Rose, 496 U. S. 356 (1990). A state "may not, by statute or common law, create a cause of action under §1983 against an entity whom Congress has not subjected to liability." Id. at 376.

It has been established that "official capacity suits, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' " Kentucky v. Graham, 473 U.S. 159, 165 (1985), quoting, Monell v. New York City Dept. of Social Services, 436 U. S. 658, 690, n. 55 (1978). In Will v. Michigan Dept. of State Police, 491 U. S. 58, 71 (1989), the Supreme Court of the United States held that "neither a State nor its official acting in their official capacities are 'persons' under §1983." The rationale behind such holding is that an action against a state official in his or her official capacity implies an action against the entity that he or she represents. Brandon v. Holt, 469 U. S. 464, 471 (1985).

In Will, however, the Court made clear that "a state official sued in his or her official capacity, when sued for injunctive relief, would be a person under §1983 because 'official capacity actions for prospective relief are not treated as actions against the state.' " Will v. Michigan Dept. of State Police, 491 U. S. 58, at 71 n. 10.

5

Therefore, even though actions against a State and its officials in their official capacity are banned by the Eleventh Amendment, the co-defendant Jose Fuentes Agostini will be considered as 'a person' under §1983 because the plaintiffs are seeking injunctive relief.

B. Is Secretary of Justice a Proper Party

The appearing co-defendants contend that the Secretary of Justice is not a proper party to this action. The co-defendants state that the plaintiffs have not established Hon. Jose Fuentes Agostini's participation in the alleged deprivation of the plaintiffs' rights, nor have the plaintiffs established how Hon. Jose Fuentes Agostini is responsible for such alleged deprivation of rights. Co-defendants also state that since Hon. Jose Fuentes Agostini was not the acting Secretary of Justice at the time relevant to this complaint, he can not be held responsible under the theory of supervisory liability.

Rule 25 (d) (1) of the Federal Rules of Civil Procedure, states that "when a public officer is a party to an action in his official capacity and during its pendency. . . ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party." Rule 25 (d) (1) continues: "an order of substitution may be entered at any time, but the omission to enter such an order shall not affect the substitution." Therefore, even though Jose Fuentes Agostini was not the acting Secretary of Justice at the time relevant to this complaint nor does he currently act as Secretary of Justice, failing to include the Secretary of Justice that currently holds office as a part in this complaint will not adversely affect the plaintiffs' rights.

Now, plaintiffs have failed to establish not only that the Secretary of Justice caused or subjected the plaintiffs to a deprivation of civil rights under color of state law, but also that the

6

Secretary of Justice personally and directly participated in the acts that allegedly constituted violations of rights enumerated in 42 U. S. C. §1983. Even though personal involvement of defendants in alleged constitutional deprivations is prerequisite to award of damages under §1983, their participation is not always necessary. Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060 (2nd Cir 1989). Without direct participation by defendants, plaintiff seeking recovery for violation of civil rights must show that defendants failed to remedy a wrong after learning of the violation, created an unconstitutional policy, allowed an unconstitutional policy to continue, or acted with gross negligence in managing those who caused the wrong. Smith v. Meachum, 754 F.Supp. 260 (D.C.Conn. 1991). Plaintiffs have not shown that the Secretary of Justice failed to remedy a wrong after learning of the violation, that he created an unconstitutional policy, allowed an unconstitutional policy to continue, or acted with gross negligence in managing those who caused the wrong. Therefore, the Secretary of Justice is not a proper party in this action.

C. Compliance with the injunctive and equitable relief requirements

The co-defendants contend that the plaintiffs' claim for injunctive relief should be dismissed because it does not have a likelihood to succeed on the merits and because it fails to present a case or controversy.

In order for injunctive relief to be granted, the party seeking such relief must show: (1) the irreparable harm which will flow from the denial of the injunction; (2) the inconvenience and substantial damages to the opposing party; (3) the absence of an adequate remedy at law; and (4) the likelihood that the petitioner will prevail on the merits of its petition. Betteroads Asphalt Corp. v. Federacion De Camioneros De Puerto Rico, Inc., 391 F. Supp. 1035, (D.C. Puerto Rico

7

1975).

Furthermore, in order to meet the requirement for seeking an injunction in the Federal Courts the plaintiff must show that he is realistically threatened by a repetition of his experience. City of Los Angeles v. Lyons, 461 U. S. 95 (1983). The capable-of-repetition doctrine, applies only in exceptional situations, and generally only when the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality. DeFunis v. Odegard, 416 U. S. 312 (1974). The complaint, while it lists the alleged wrongful actions that led to the prosecution and trial of plaintiff Morales-Girona, fails to number reasons that show a realistic threat that such plaintiff will be prosecuted and tried again for the same offenses. In failing to show a realistic threat of being prosecuted again for the same offenses, plaintiff Morales-Girona has also failed to establish the irreparable harm which will flow from the denial of the injunction.

In order for the injunction to proceed, the plaintiffs must also show the absence of an adequate remedy at law. The plaintiffs have failed to show such absence by seeking relief for damages under Articles 1802 and 1803, 31 P.R.L.A. §5141 and §5142, of the Puerto Rico Civil Code.

For the reasons stated, the Court can not grant injunctive relief.

Assessing the merits of the rest of the co-defendants' motion to dismiss will not be necessary.

In conclusion, the Eleventh Amendment bars this action against the Commonwealth of Puerto Rico. Even though the plaintiffs seek injunctive relief through their complaint, which is the only circumstance that will allow the Secretary of Justice to be considered 'a person' under §1983, they have failed to establish the requirements that would enable the Court to consider the

8

Secretary of Justice a proper party in this complaint.  Plaintiffs have also failed to establish the requirements that would allow the Court to grant such injunctive relief.

WHEREFORE, co-defendants', Jose Fuentes Agostini and the Commonwealth of Puerto Rico, motion to dismiss is hereby GRANTED.

IT IS SO ORDERED.

San Juan, Puerto Rico, June 29, 2000.

JUAN M. PEREZ-GIMENEZ
U.S. District Judge

AO 72A
(Rev.8/82)