UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO



|  |  |  |
|---|---|---|
| JUAN CARLOS MORALES GIRONA AND MAYRA SOSA URGELL, AND THE MARITAL JOINT SOCIETY COMPOSED BETWEEN THEM, | * * * * * | |
| Plaintiffs | * * | |
| v. | * * | Civ. No. 97-2836 (PG) |
| PEDRO R. PIERLUISI-URRUTIA, former SECRETARY OF JUSTICE OF PUERTO RICO, et al., | * * * * | |
| Defendants | * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

## OPINION & ORDER

Pending before the Court are Defendants Pedro R. Pierluisi-Urrutia, José B. Capó-Rivera, Pedro Geronimo Goyco-Amador and Domingo Alvarez-Rosa's Motion to Dismiss (Dkt. 18) and Defendant Luis Batiz-Maldonado's Motion to Dismiss and Motion to Dismiss the Amended Complaint (Dkt. 25 & 27). Plaintiffs' filed a response to the Motions to Dismiss.

Plaintiffs sued seeking injunctive relief, equitable relief, and damages relief for violations of: (1) the Fifth and Fourteenth Amendments of the Constitution of the United States of America; (2) 42 U.S.C.§1983 and §1988; (3) Article II, Sec. 1, 6, 7, 16, and 20 of the Constitution of the Commonwealth of Puerto Rico; and (4) damages relief under Articles 1802 and 1803 of the Civil Code of Puerto Rico, 31 P. R. L. A. §5141 and § 5142. Plaintiffs also seek a permanent injunction to prevent further violation of 42 U. S. C. §1983 and §1988. Defendants have filed Motions to Dismiss. (Dkts. 18 & 25)

Defendants request that the causes of action be dismissed based upon five (5) distinct theories:



AO 72A
(Rev.8/82)

97-2836 (PG)                                                                                                    2

(1) the complaint fails to comply with the notice pleading requirement; (2) the complaint does not meet

the elements required for a malicious prosecution claim; (3) the claims against Defendants in their

official capacity are barred by the Eleventh Amendment; (4) Defendants are entitled to absolute

immunity from damages in their personal capacities; and (5) Defendants are entitled to qualified

immunity.

## STANDARD OF REVIEW

When presented with a motion to dismiss, "the trial court must accept as true the well-pleaded

factual allegations of the complaint, draw all reasonable inferences therefrom in plaintiff's favor, and

determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable

theory." *LaChapelle v. Berkshire Life Ins. Co.*, 142 F. 3d 507, 508 (1st Cir. 1998).

In order to survive a motion to dismiss, "a complaint must set forth 'a factual allegation, either

direct or inferential, respecting each material element necessary to sustain recovery under some

actionable legal theory." *Berner v. Delahanty*, 129 F. 3d 20, 25 (1st Cir. 1997), *cert. denied*, 523 U. S.

1023 (1998).    Taking into consideration all the motions filed and other matters incorporated therein,

the Court extracts the well-pleaded facts and draws all reasonable inferences favorable to the complaint.

*Cruz v. Melecio*, 2000 WL 156563 ( 1st Cir. Feb. 17, 2000).

## FACTS

The facts giving rise to this complaint are as follows.  Due to surveillance performed by Puerto

Rico Police Agent Santos Febus Ocasio, the police arrested Justo Torres Garcia and charged him with

possession with the intent to distribution of cocaine and marijuana.  Upon his arrest, the police took

Torres Garcia to court for a Rule 6 Hearing to determine if probable cause existed.  Torres Garcia called

his attorney, Morales-Girona, and later retained him as his counsel.

97-2836 (PG)                                                                              3

At the Rule 6 Hearing, both the government and Morales-Girona requested permission to tape record the proceedings, and such permission was granted by the presiding judge. At the hearing, Morales-Girona asked Agent Santos Febus Ocasio close to two hundred questions. The presiding judge found probable cause and ordered the arrest of Torres Garcia. The Preliminary Hearing was then set for March 31, 1992.

Four days prior to the Preliminary hearing, Puerto Rico Police Agent Santos Febus Ocasio was murdered on March 27, 1992. At the Preliminary Hearing, Morales-Girona objected to the tape recording of Agent Febus Ocasio being admitted into evidence on the ground that Agent Roberto Silva Delgado had custody of the tape recording at his home prior to the hearing. Morales-Girona also objected to anyone testifying on behalf of the agent regarding his testimony at the Rule 6 Hearing. Apparently, Morales-Girona had managed to lose his copy of the tape recorded Rule 6 Hearing testimony. The recording was allowed into evidence, a decision affirmed by the Circuit Court of Appeals. The Supreme Court denied certiorari. Torres Garcia was found guilty in a jury trial and sentenced to forty years in prison.

At the same time, an investigation into Agent Febus Ocasio's murder revealed the names of the men involved, including Crucito Barbosa. When arrested, Barbosa admitted being one of the co-authors of the murder and agreed to testify against the others if offered immunity. Barbosa received immunity. As a result, criminal charges were filed against three individuals, Justo Torres-Garcia, Martin Garcia-Feliciano, and Reynaldo Jeremias-Ortiz. Five days later, Justo Torres-Garcia indicated to the Government that plaintiff Attorney Morales-Girona was the intellectual author of the murder (the "brains behind the operation"). Consequently, Morales-Girona was criminally prosecuted for Murder in the First Degree, Conspiracy to Commit Murder, and Violations to Articles 5, 6, 6(a), 8, and 8(a) of

97-2836 (PG)                                                                                          4

the Puerto Rico Weapons Law.  At trial, Morales-Girona was acquitted of all the charges.  Morales-Girona then sued for his being accused and put through a "deficient" criminal trial.

**DISCUSSION**

As stated above, Defendants have introduced five (5) distinct theories as to why the complaint must be dismissed against them.  The Court deals with each in turn.

**1.     FAILURE TO COMPLY WITH NOTICE PLEADING REQUIREMENT**

Defendants assert that "the pleadings do not state with particularity the facts that allegedly constitute a violation to plaintiffs' civil rights under the provisions of section 1983." (Dkt. 18) After a thorough reading of the complaint, it is clear that Defendants had sufficient notice of Plaintiffs' allegations.

**2.     MALICIOUS PROSECUTION CLAIM**

Defendants contend that the complaint does not state an equal protection claim, a conspiracy claim under § 1985, or a substantive and procedural due process claim for malicious prosecution under § 1983.  To state a claim under § 1983, "the complaint must assert that the malicious prosecution conduct was so egregious that it violated substantive or procedural due process rights." *Pérez-Ruiz v. Crespo-Guillen*, 25 F.3d 40, 42 (1st Cir. 1994) (quoting *Torres v. Superintendent of Police*, 893 F.2d 404, 409 (1st Cir. 1990)).  "An actionable section 1983 malicious prosecution claim based on a substantive due process deprivation must allege 'conscience-shocking' conduct by the defendants.  A procedural due process claim is not actionable unless, *inter alia*, no adequate 'post-deprivation remedy' is available under state law." *Id.* (citations omitted).

"All federal claims for malicious prosecution are borrowed from the common law tort actionable only under state law." *Torres*, 893 F.2d at 409.  Under Puerto Rico law, a plaintiff must prove (1) the

97-2836 (PG)                                                                                                    5

criminal action was initiated and instigated by defendants; (2) the criminal action terminated in favor

of the plaintiff; (3) defendants acted with malice; and (4) the plaintiff suffered damages. *Id.* at 409 n.7

(citing *Ayala v. San Juan Racing Corp.*, 112 D.P.R. 804 (1982); *Parez v. Ruiz*, 19 P.R.R. 323 (1913)).

There are two separate actions under Puerto Rico malicious prosecution law: (1) no probable cause and

an improper purpose claim, and (2) "abuse of process" claim. *Id.* (citing *Landrigan v. City of Warwick*,

628 F.2d 736, 745 n.6 (1st Cir.1980)). "The federal claim under section 1983 for malicious prosecution

differs from the state civil suit in that it requires that state officials acting 'under color of law' institute

the criminal proceedings against the plaintiff and thereby deprive him of rights secured under the

Constitution." *Id.*

        In regards to Plaintiffs' substantive due process allegation, "[w]here [a] plaintiff has not been

physically abused, detained, prosecuted due to racial or political motivation or otherwise deprived of

equal protection of the law, courts are reluctant to find 'conscience-shocking' conduct that would

implicate a constitutional violation." *Id.* at 410. "[M]isuse of the legal process alone will not be enough

to sustain a claim." *Id.* The Supreme Court has also all but eliminated any substantive due process

claims under § 1983 for malicious prosecution. *See Albright v. Oliver*, 510 U.S. 266, 270-71 n.4

(1994).

        As to Plaintiffs' procedural due process claim, the availability of an adequate state remedy

(under Act 1802, P.R. Laws Ann. tit. 31, § 5141) is "fatal to [Plaintiffs'] procedural due process claim.

*See Pérez-Ruiz*, 25 F.3d at 43.

        Plaintiffs' substantive and procedural due process actions under § 1983 for malicious

prosecution must be dismissed. Defendants are correct in their conclusion that "a garden-variety claim

of malicious prosecution garbed in the regalia of § 1983 must fail." *Roche v. John Hancock Mut. Life*

97-2836 (PG)                                                                                           6

*Ins. Co.*, 81 F.3d 249, 256 (1ˢᵗ Cir. 1996).  The court turns now to Plaintiffs' remaining federal causes

of action.

**3.    EQUAL PROTECTION AND CONSPIRACY**

"To survive a motion to dismiss, an equal protection claim must outline facts sufficient to

convey specific instances of unlawful discrimination.  A plaintiff may not prevail simply by asserting

an inequity and tacking on the self-serving conclusion that the defendant was motivated by a

discriminatory animus." *Coyne v. City of Somerville*, 972 F.2d 440, 444 (1ˢᵗ Cir. 1992) (quotations

omitted).  Plaintiffs' complaint, read generously, still does not state an equal protection claim.

Therefore, Plaintiffs equal protection claim must be dismissed.

Plaintiffs have also alleged a § 1985 (3) claim for conspiracy to interfere with Civil Rights.  In

order to state that claim, Plaintiffs must allege the essential elements:  (1) a conspiracy; (2) for purpose

of depriving either directly or indirectly, any person or class of persons of equal protection of the laws,

or of equal privileges and immunities under the laws; (3) act in furtherance of conspiracy; (4) whereby

person is either injured in his person or property or deprived of any right of a citizen of the United

States. *See Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 7 F.3d 1085, 1087-88 (2d Cir. 1993).

*See also Titlon v. Richardson*, 6 F.3d 683, 686 (10ᵗʰ Cir. 1993); *Romero-Barcelo v. Hernandez-Agosto*,

75 F.3d 23, 34 (1ˢᵗ Cir. 1996).  A "discriminatory class-based animus must [also] be alleged." *Romero-*

*Barcelo v. Hernandez-Agosto*, 75 F.3d at 34.

Where, as here, a plaintiff relies on pleadings that are merely conclusory, dismissal is proper.

*See Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977), *cert. denied*, 434 U.S. 1077 (1978)

("Complaints cannot survive a motion to dismiss if they contain conclusory allegations of conspiracy

but do not support their claims with references to material facts.").  Plaintiffs must allege specifics to

AO 72A
(Rev.8/82)

97-2836 (PG)                                                                          7

support their allegations, e.g., roles of each defendant who allegedly participated in the conspiracy, how plaintiff was treated differently, or overt acts of conspiracy. Plaintiffs have done no more than transcribe their beliefs onto paper. Since suspicions, speculation and feelings simply are not sufficient to state a § 1985 (3) conspiracy claim, Plaintiffs must therefore be dismissed.

Because the Court finds that Plaintiffs' federal causes of action must be dismissed, the Court does not address any questions of immunity.

## CONCLUSION

Plaintiffs' complaint is lacking in specific allegations which would allow this Court to find either an § 1983 malicious prosecution claim or a § 1983 equal protection claim. Likewise, the complaint does not support Plaintiffs' claim of conspiracy. These causes of action must therefore be dismissed. The Court also refuses to assume supplemental jurisdiction over Plaintiffs state law claims. Docket 34 is thereby deemed **MOOT** as a result of this determination.

Wherefore, Plaintiffs' federal causes of action are **dismissed with prejudice** against all remaining Defendants. Plaintiffs state law claims are **dismissed without prejudice**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, August ⁄__, 2000.

                                        JUAN M. PEREZ-GIMENEZ
                                        U.S. District Judge

AO 72A
(Rev.8/82)