UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

JUAN CARLOS MORALES-GIRONA, ET AL.,        *
                                           *
              Plaintiffs                   *
                                           *
              v.                           *          Civ. No. 97-2836 (PG)
                                           *
PEDRO R. PIERLUISI-URRUTIA, former         *
SECRETARY OF JUSTICE RIVERA; ET AL.,       *
                                           *
              Defendants                   *
                                           *

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**OPINION & ORDER**

As part of its responsibility for managing its docket, this Court has revisited the file of this case

and notes the following chronology of events:

1.  *December 8, 1997*: The complaint is filed in this case. (Dkt. 1)
2.  *April 8, 1998*: An amended complaint is filed. (Dkt. 2)
3.  *May 27, 1998*: Motion by Jose A. Fuentes-Agostini and the Commonwealth of Puerto Rico to Dismiss pursuant to FED. R. CIV. P. 12 (b). (Dkt. 12)
4.  *August 6, 1998*: Motion by Pedro R. Pierluisi-Urrutia, Jose B. Capo-Rivera, Pedro Geronimo Goyco-Amador, and Domingo Alvarez-Rosa to Dismiss. (Dkt. 18)
5.  *October 30, 1998*: Motion by Luis Batiz to Dismiss. (Dkt. 25)
6.  *December 31, 1998*: Motion b Luis Batiz to Dismiss the amended complaint. (Dkt. 27)
7.  *January 13, 1999*: Response by Plaintiffs to Batiz' Motion to Dismiss. (Dkt. 28)
8.  *July 3, 2000*: Opinion and Order and Partial Judgment granting Dockets 18, 25, and 27 (Motions to Dismiss). (Dkt. 35)
9.  *August 4, 2000*: An order to show cause as to why the case should not be dismissed was entered as to why the case should not be dismissed as to the remaining defendants. (Dkt. 37)
10. *August 21, 2000*: Motion by Plaintiffs to extend time for 10 days to file response to order to show cause. (Dkt. 38)

**DISCUSSION**

Plaintiffs have failed to answer the Court's Order to Show Cause. Piece by piece, Plaintiffs

case has been disappearing. The Court now puts this case to rest. Though almost three (3) weeks

AO 72A
(Rev.8/82)

Civ. No. 97-2836 (PG)                                                                              2.

beyond the Court's deadline and over a week beyond Plaintiffs' requested extension, Plaintiffs still have

not answered the Court's order, nor have they done anything to move their case forward. Plaintiffs have

thus failed to prosecute their own case and failed to obey an order of this Court. *See* FED. R. CIV. P.

41(b).

It is the plaintiff's responsibility to develop and prosecute its own case. This Court has the

responsibility "to achieve the orderly and expeditious disposition of cases," *Link v. Wabash R.R. Co.*,

370 U.S. 626, 630-31 (1962). Therefore, pursuant to this "court['s] . . . unquestionable authority to

dismiss a case with prejudice for want of prosecution in order to prevent undue delay in the disposition

of pending cases, docket congestion and the possibility of harassment of defendant," *Jardines Ltd.*

*Partnership v. Executive Homesearch Realty Serv. Inc.*, 178 F.R.D. 365 (D.P.R. 1998); *see also Zavala-*

*Santiago v. González-Rivera*, 553 F.2d 710 (1st Cir. 1977), the Court **DISMISSES** the case **WITH**

**PREJUDICE**. This Court's docket is congested enough and there is no place for plaintiffs who sit back

and waste the Court's valuable time.

**WHEREFORE**, the above captioned case is hereby **DISMISSED with prejudice** due to

Plaintiffs' lack of prosecution and failure to comply with the Court's Order dated August 4, 2000 (Dkt.

37).

**IT IS SO ORDERED**.

San Juan, Puerto Rico, September _8_ , 2000.


JUAN M. PERÉZ-GIMÉNEZ
U. S. District Judge