UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

JUAN CARLOS MORALES-GIRONA; ET AL    *
    Plaintiffs,    *
     *
v.    *    CIVIL NO. 97-2836(PG)
     *
PEDRO R. PIERLUISI-URRUTIA, ET AL., *
    Defendants.    *

## ORDER

The matter before the Court is plaintiffs' motion to reconsider the Opinion and Order of September 12, 2000 dismissing the case with prejudice. (Docket No. 41). A brief procedural background is necessary in order to properly place plaintiffs' motion for reconsideration.

### Procedural Background

On August 1, 2000 the Court entered an Opinion and Order dismissing with prejudice plaintiffs' causes of action against defendants Pedro R. Pierluisi-Urrutia, José B. Capó-Rivera, Pedro Gerónimo Goyco-Amador, Domingo Alvarez-Rosa's and Luis Batiz-Maldonado for failure to state a § 1983 malicious prosecution claim, a § 1983 equal protection claim and a conspiracy claim. Partial judgment was entered on August 1, 2000 dismissing with prejudice the federal claims and dismissing without prejudice the state law claims. (Docket No. 36). Plaintiffs did not seek any reconsideration.

Civil No. 97-2836(PG)                                                    2

On August 3, 2000 the Court issued on Order to Show Cause as to why the case should not be dismissed for failure to state a claim upon which relief may be granted, against the remaining defendants, Negociado de Investigaciones Especiales, the Police of Puerto Rico, Pedro Rosello-González and Pedro Toledo-Dávila.  (Docket No. 37). Plaintiffs filed a motion on August 21, 2000 requesting an extension of ten days to allegedly address the issues raised by the recent disposition of the court.  (Docket No. 38).  On September 8, 2000 an Opinion and Order was issued dismissing the case with prejudice for lack of prosecution and for failure to comply with the Court's order of August 3, 2000.  (Docket No. 39).  Judgment was entered dismissing the case with prejudice.  (Docket No. 40).

### Discussion

In their motion for reconsideration plaintiffs aver that if the court considers that the pleadings should be amended to present a more definite claim they should be afforded an opportunity to amend the complaint.  Plaintiffs apparently failed to read the Opinion and Order of August 3, 2000 wherein the Court explained that the complaint lacked any specific allegations to find either a § 1983 malicious prosecution claim or a § 1983 equal protection claim or a conspiracy claim.  They were given an opportunity to show the Court why the reasoning which led to the dismissal of the federal causes of action against the previous defendants did not hold true to their

AO 72A
(Rev. 8/82)

Civil No. 97-2836(PG)                                                    3

claims. They failed to obey the Court's order to show cause why the case should not be dismissed for failure to state a claim upon which relief may be granted. Since August 8, 1998 plaintiffs have been appraised by defendants' motions to dismiss that the complaint fails to meet their burden of setting forth facts sufficient to support their federal claims. Two and a half years later they have still failed to set forth the facts necessary to state an equal protection claim, a conspiracy claim under § 1985, or a substantive and procedural due process claim for malicious prosecution under § 1983.

### Conclusion

Based on the foregoing considerations, it is hereby Ordered that plaintiff's Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico ____March____ _19_, 2001.

_____
JUAN M. PEREZ-GIMENEZ
U.S. District Judge